**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRY BENSON,<br>*pka* TERRY WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>AMOS PRODUCTIONS, INC.,<br><br>        Defendant.<br>_____/ | CIVIL NO. Cv. 09-6063 JSW<br><br>MOTION FOR ADMINISTRATIVE RELIEF, RE: SERVICE OF PROCESS [L.R. 7-11] AND ORDER THEREON |

TO: THE COURT AND ALL PARTIES

PLEASE TAKE NOTICE that pursuant to Local Rules 7-11, Plaintiff hereby brings a motion for administrative relief for an order authorizing Plaintiff to service process herein on the California Secretary of State. The motion will be based on this notice and the accompanying supporting materials.

MEMORANDUM

By written contract made as of June 16, 1967, Plaintiff agreed to perform as a recording artist for Defendant. Defendant in turn promised to pay contractual royalties to Plaintiff based on the commercial exploitation of Plaintiff's recordings. Plaintiff now sues for unpaid artist royalties.

Defendant is a New York corporation whose authorization to conduct business as a foreign corporation within California has been revoked. Service could not be effected at the last known address of the corporation, nor could its designated agent be found. Plaintiff's recordings are being distributed by a division of the Warner Music Group ("WMG"). The writer has verified with WMG that it ceased rendering royalty statements to Defendant in approximately 1998 because it had received no current address. The writer has also run a search of the California State Controller's unclaimed property database and has identified unclaimed property standing in the name of the corporate agent, at the same last known address at which service of process herein could not be completed.

California Corporations Code § 2111(a) permits a court to enter an order allowing service upon the California Secretary of State.

> "If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation or if the agent is a corporation and no person can be found with due diligence to whom the delivery authorized by Section 2110 may be made for the purpose of delivery to the corporate agent, [ ] and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that service be made by personal delivery to the Secretary of State or to an assistant or deputy secretary of state of two copies of the process together with two copies

of the order [ ]. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State."

As the following declaration establishes, Defendant designated James A. Bowen of 10436 Kling Street, North Hollywood, California as its agent for service of process; that Defendant has forfeited its right to do business within California; that Mr. Bowen cannot be found at the address listed with the Secretary of State and corroborating evidence suggests that Mr. Bowen is no longer at that address and can no longer be found. As Plaintiff has made diligent attempts to serve Mr. Bowen, it appears the only means of effecting service on Defendant would be for the Court to enter an order authorizing Plaintiff to deliver copies of the *Summons & Complaint* to the Secretary of State in accordance with Corporations Code § 2111(a).

Dated: February 7, 2010.

Respectfully submitted,

/s/

STEVEN AMES BROWN,
Attorney for Plaintiff

DECLARATION OF STEVEN AMES BROWN

I, STEVEN AMES BROWN, declare:

1. I am counsel to Plaintiff in this action.
2. Attached as *Exhibit 1* is a true copy of the Secretary of State's corporate listing for Defendant, Amos Productions, Inc. which I personally copied from the Secretary's online corporate database.

3. Attached as *Exhibit 2* is a true copy of the declaration of attempts at personal service on Mr. Bowen made by the process server I engaged on Plaintiff's behalf.

4. I have held discussions with senior counsel at the Warner Music Group ("WMG") concerning their efforts to deliver royalty statements for Plaintiff's recordings to Defendant. WMG's attorneys told me that the company stopped sending royalty statements in approximately 1998 because they had no current address for Defendant.

5. Attached as *Exhibit 3* is a true copy of a listing from the California Controller's online database of unclaimed property which shows that Mr. Bowen is the owner of "escheated" funds that he has left unclaimed, and that his last known address was the same one listed on the Secretary of State's corporate database.

6. No stipulation could be obtained because I have not yet been able to serve or speak with Defendant.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: February 7, 2010

/s/

_____

|   |   |
|---|---|
| 1 | |
| 2 | ~~PROPOSED~~ ORDER |
| 3 | Upon reading the foregoing motion and good cause appearing, IT IS HEREBY |
| 4 | ORDERED, that Plaintiff may service *Summons & Complaint* in the within action on |
| 5 | Defendant, Amos Productions, Inc., by delivering two copies of this *Order*, plus two copies |
| 6 | of the *Summons & Complaint* upon the California Secretary of State, in compliance with |
| 7 | California Corporations Code § 2111(a). |

Dated: February 17, 2010

_____
United States District Judge